ISAAC GARCÍA RAMÍREZ, Plaintiff and Appellant, v. RAMÓN CÓRDOVA ET AL., Defendants and Appellees.

No. 5549. Argued November 24, 1931.—Decided March 28, 1932.

*R. Rivera Zayas* and *R. Díaz Cintrón* for appellant.  *Artemio P. Rodríguez* for appellees.

Mr. Justice Aldrey delivered the opinion of the Court.

This is an action for libel and slander in which damages are claimed from Ramón Córdova and Francisco Cintes. The District Court of Bayamón decided the case on a demurrer to the complaint and held that the latter failed to state a cause of action as against Francisco Cintes, and that as to Ramón Córdova it was insufficient as regards the publication of the libel, because the mere fact of making an affidavit before an officer does not constitute a publication, for which reason the court sustained the demurrer as far as this defendant was concerned although granting leave to amend the complaint. Thereupon the plaintiff moved for a judgment which the court rendered dismissing the complaint as against both defendants. This is the judgment appealed from in the present case.

The complaint substantially alleges that Ramón Córdova was in 1922 and still is the president of the corporation Compañía Popular de Transporte, Inc., engaged in the transportation of passengers and freight between San Juan, Cataño, and Bayamón, and that Francisco Cintes was in 1922 and still is the traffic manager of the said corporation; that the plaintiff began to work in 1922 for the said corporation as station-

master in Bayamón; that in November, 1922, he submitted his resignation as such stationmaster to the board of directors because of statements made to him by Francisco Cintes to the effect that Ramón Córdova was very eager to have him resign, and that his resignation was accepted; that he sent in his resignation without there being any humiliating or disgraceful reason therefor but because there had been political differences between Córdova and himself, and that, in accepting his resignation the company wrote to him expressing its regret for the loss of his services; that in 1930 plaintiff was a candidate for the office of Justice of the Peace of Cataño and his name was under consideration by the Governor of this Island for the said office and that the defendants, unlawfully, wilfully, and maliciously, and with the deliberate and malignant purpose of slandering the plaintiff, made, subscribed, and published the two affidavits that are transcribed in the complaint as they appear in the register book of the Justice of the Peace of Cataño, and which we omit to transcribe literally. It appears from the entry relating to Córdova that the latter stated in the affidavit made by him before the Justice of the Peace of Cataño that while discharging his duties as stationmaster in Bayamón, he had carnal acts with a woman and attempted to commit a crime against nature on her, whereupon he was requested to resign as stationmaster at Bayamón; and from the entry relating to Cintes it appears that the latter was instructed by Córdova to investigate the charges brought by a woman to the effect that while being Bayamón stationmaster the plaintiff had carnal commerce with her and had attempted to commit on her the crime against nature, whereupon the company had requested him to resign. The plaintiff further alleged that the said register book is public, its contents being read by the clerk of the said court and by other people; that such affidavits are false and were made to injure him; that as a result he was not appointed to the office of Justice of the Peace of Cataño; and

that he has suffered damages in an amount fixed by him in the complaint.

The appellees argue that the register book of the justice of the peace fails to contain a literal transcription of their affidavits and that they can not be liable for the recital made of them by the justice of the peace in his register book since they had no participation in the wording of the entries made, which might be erroneous.

An act approved by our Legislature on March 12, 1908, to establish a registry of affidavits executed before notaries and other officers, which was amended in 1910, directs such officers to keep a register in which brief entries shall be made setting forth the nature of the statement thereby authenticated, and it was in compliance with this act that the said justice of the peace made the two entries transcribed in the complaint, which entries must be considered *prima facie* as correct unless the contrary is shown. If it appears from the contents of a register of affidavits that an attempt to commit a felony is imputed to a person, as in the present case, the injured party has a cause of action against the authors of such imputation or defamation.

The complaint does not say that such affidavits were made to be delivered to the Governor with the purpose in view of preventing him from appointing the plaintiff to the office of Justice of the Peace of Cataño; but even though they were executed for such purpose—and this would seem to be inferred from the averment that as a result thereof the appointment was not made—even so they are not privileged communications as they were not necessary to prevent the appointment. The same statements could have been submitted or written to the Governor without having them recorded in a public register. In *Franco* v. *Martínez*, 29 P.R.R. 221, we said that an affidavit sworn to before a municipal judge and containing libelous matter did not constitute a publication, because such affidavit was required for the proceedings brought in this Court by the person who swore to

it. That case, however, is distinguished from the case at bar in that there is no legal provision, nor are we cited to any, requiring that an opposition to the appointment of a person to a public office be sworn to. Therefore, when presenting their written statements to be sworn, the appellees published before the magistrate the libelous matter contained therein, according to the entries thereof made by that magistrate in the register. Consequently, the complaint alleged a publication when it stated that the same had been written, sworn to, and published before the said magistrate, and therefore the last assertion was not a conclusion of law but a consequence of the fact as alleged. For the same reasons, no privilege was involved in said publication.

The foregoing applies to both defendants under the complaint, but we have something to say in particular regarding appellee Cintes. It is true that he did not say in his affidavit that the appellant committed the defamatory acts with which he had been charged by someone, but he not only published said statements but he assumed the truth thereof when stating that because of them appellant had been asked to resign.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings.